JACOB M. HEATH (STATE BAR NO. 238959)
jheath@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:   +1 650 614 7400
Facsimile:   +1 650614 7401

MELISSA LEVIN (STATE BAR NO. 328146)
melissalevin@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

Attorneys for Defendant META PLATFORMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MOATES,<br><br>                    Plaintiff,<br><br>     v.<br><br>FACEBOOK, INC.<br><br>                    Defendant. | Case No. 3:22-cv-04478-JD<br><br>**META PLATFORMS, INC.'S INITIAL CASE MANAGEMENT STATEMENT**<br><br>Date:         December 1, 2022<br>Time:         10:00 A.M.<br>Courtroom:  11<br>Judge:        James Donato |

Pursuant to Local Rule 16-9, Defendant Meta Platforms, Inc. (f/k/a Facebook, Inc.) ("Meta") by and through its undersigned counsel, submit this Case Management Statement in advance of the Initial Case Management Conference scheduled for December 1, 2022, at 10:00 a.m. in Courtroom 11, 19th Floor, United States Court House, 450 Golden Gate Avenue, San Francisco, CA 94102.

Meta provides this statement separately from Plaintiff, who is not represented by counsel. The parties previously filed a stipulation (*see* ECF No. 29), requesting that the Court (1) set a briefing schedule for Plaintiff's motion for leave to amend and (2) postpone the Case Management Conference scheduled for December 1, 2022 until Plaintiff's motion for leave to amend could be decided in advance of the Initial Case Management Conference. ECF No. 29. Meta has contacted Plaintiff about filing this Case Management Statement. The parties did not have sufficient time to file a joint statement; as such, this Case Management Statement is not made jointly between the parties.

**1.   Jurisdiction and Service**

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and Plaintiff is a citizen of a foreign State and Meta is a Delaware corporation with its principal office in California.

**2.   Facts**

Plaintiff Michael Moates purports to be a user of Facebook and of various Facebook-owned or Facebook-related products and services. *See Moates v. Facebook, Inc*., Case No. 4:21-cv-00694-ALM-KPJ, Dkt. 8, Amended Petition ("Am. Compl.") ¶ 2. Plaintiff's Complaint asserts that he has invested $10,546 on advertising with "Facebook Inc." *Id.* Plaintiff alleges that in October 2020, Meta "disabled access to Plaintiff[']s Facebook, as well as his Instagram, "Oculus, Crowd Tangle, and Messenger accounts." *Id.* ¶¶ 5-7. According to Plaintiff, while various high-level employees at Meta told him this was a mistake, he was then told that his accounts were disabled due to "violation of the Terms of Service," specifically related to accounts associated with "QAnon*." Id.*

¶¶ 8-9. Plaintiff claims that the disabling of his accounts has deprived him of the benefit of the advertising services he purchased from Meta, and that they refuse to refund him "after stealing pages belonging to him." *Id.* ¶ 15. Plaintiff further alleges that Meta "collected the content of Plaintiffs' messages without his consent," which he found out after looking at Meta's "current Terms of Service." *Id.* ¶ 17.

This action was transferred from the Eastern District of Texas on July 12, 2022. *See* Case No. 4:21-cv-00694-ALM-KPJ, ECF No. 29. The parties filed a stipulation on November 1, 2022, asking that the Court grant its agreed-upon briefing schedule for Plaintiff's Motion for Leave to Amend. ECF No. 39. The stipulation also requested that, subject to the Court's approval, the December 1, 2022 Case Management Conference be postponed until thirty days after a decision on the merits of Meta's forthcoming Motion to Dismiss.

**3.     Legal Issues**

At the present time, Meta has identified the following legal issues:

- Whether Meta is liable for defamation.
- Whether Meta is liable for breach of contract.
- Whether Meta is liable for violations of the Texas Deceptive Trade Practices Act.
- Whether Meta is liable for "Product Liability."
- Whether Meta is liable for fraud.
- Whether Meta is liable for violations of the Texas Constitution.
- Whether Meta is liable for Violation of the Texas Penal Code.
- Whether Plaintiff has stated a viable claim for relief against Meta.
- Whether Plaintiff's claims against Meta are barred by Section 230 of the Communications Decency Act.

**4.     Motions**

Plaintiff filed a Motion for Leave to Amend his Complaint on November 11, 2022. ECF No. 40. According to the Parties' stipulated briefing schedule, Meta's response is due on December 12, 2022. ECF No. 39. Meta intends on filing a Motion to Dismiss Plaintiff's Complaint after

- 1 -

resolution of Plaintiff's Motion for Leave to Amend.

**5.     Amendment of Pleadings**

On November 11, 2022, Plaintiff filed a Motion for Leave to Amend his Complaint. ECF No. 40. Meta intends on opposing that Motion, on the grounds Meta believes any proposed amendment would be futile, as well as due to Plaintiff's failure to comply with L-R 10-2.

**6.     Evidence Preservation**

Counsel for Meta certifies that they have reviewed the Guidelines Relating to Discovery of Electronically Stored Information. The parties have not yet met and conferred regarding reasonable and proportionate steps to preserve evidence relevant to this action. In any event, Meta understands its duty to preserve records, including paper and electronic copies.

**7.     Disclosures**

Given Meta's anticipated forthcoming Motion to Dismiss—and that such a decision on the merits should completely dispose of Plaintiff's claims against Meta—engaging in discovery while the pleadings are still unsettled will be an inefficient use of the parties' resources. As such, the parties have not met and conferred regarding initial disclosures, nor has either party served initial disclosures.

**8.     Discovery**

No discovery of any party has been taken to date. In light of Plaintiff's pending Motion to Amend the Complaint, ECF No. 40, along with Meta's anticipated Motion to Dismiss, Meta's position is that discovery should be stayed pending the resolution of the Meta's forthcoming Motion to Dismiss.

**9.     Class Actions**

This is not a class action case.

**10.    Related Cases**

Meta is not aware of any pending related cases.

**11.    Relief**

Meta does not believe that Plaintiff is entitled to any relief.

**12.   Settlement and ADR**

In light of Plaintiff's pending Motion to Amend the Complaint, ECF No. 40, along with Meta's anticipated Motion to Dismiss, Meta believes that it is premature to initiate any ADR process at this time.

**13.   Other References**

Meta does not at this time believe that this case should be referred to binding arbitration or a special master.  This case is not suitable for reference to the Judicial Panel on Multidistrict Litigation.

**14.   Narrowing of Issues**

Meta is not aware of any issues that can be narrowed by agreement.

**15.   Expedited Trial Procedure**

Meta does not believe that an expedited trial procedure is appropriate for this case.

**16.   Scheduling**

The Parties' have not yet met and conferred to discuss a trial schedule.  Meta believes that it is premature to set a trial schedule until the Court rules on Plaintiff's Motion for Leave to Amend (ECF No. 40), as well as Meta's forthcoming Motion to Dismiss, so that the parties can make an informed proposal that accounts for the nature and extent to which the case will progress.  Should any of Plaintiff's claims against Meta survive the anticipated Motion to Dismiss, Meta will promptly attempt to confer with Plaintiff and provide a proposed trial schedule.

**17.   Trial**

Plaintiff has demanded a jury trial.  Until it has been determined what (if any) claims survive Meta's forthcoming Motion to Dismiss, Meta contends it would be inefficient and premature to estimate the length of trial.  Should any of Plaintiff's claims against Meta survive the anticipated Motion to Dismiss, Meta will promptly attempt to confer with Plaintiff and provide a proposed trial estimate.

**18.   Disclosure of Non-party Interested Entities or Persons**

Meta represents that Meta Platforms, Inc. is publicly owned, has no parent company, and

no publicly traded corporation owns 10% of more of its stock.

**19.    Professional Conduct**

All attorneys of record for Meta have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated:  November 30, 2022         Respectfully submitted,

ORRICK, HERRINGTON & SUTTCLIFFE LLP


By:  */s/ Jacob M. Heath*
      Jacob M. Heath

*Attorney for Defendants Meta Platforms, Inc.*