UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mr. Michael Moates<br><br>Plaintiffs<br><br>v.<br><br>Facebook Inc.<br><br>Defendants | Case No.: 22-cv-04478-JD<br><br>**MOTION FOR LEAVE TO APPEAR VIRTUALLY** |

The Plaintiff was confused by the order issued by the court. It stated "a Case Management Conference shall be held in this case on December 1, 2022, at 10:00 A.M., in Courtroom 11, 19th Floor, United States Court House, 450 Golden Gate Avenue, San Francisco, CA 94102." Plaintiff was under the impression that he could still attend via zoom. The basis for this thought process was a statement in General Order 80 which states "Hearings may be held in person in the courtroom, **by telephone, or by videoconference**. This applies to motion hearings, **case management conferences**, pretrial conferences, settlement conferences, and Alternative Dispute Resolution ("ADR") proceedings" and based on a statement on Your Honors website stating "**If you are a case participant, you will join** as an attendee, then **you will be brought into the proceeding by court staff**." (Emphasis added). It was not until the Plaintiff got an email from the courtroom deputy that he became aware of the in person requirement.

When Defendants submitted their Motion to Transfer Venue in the United States District Court for the Eastern District of Texas, they made arguments regarding COVID 19 that were

1

misleading to the court. They did so purposefully to create a situation where the Plaintiff cannot litigate due to multiple disabilities.

In addition, while the State of California reopened, the COVID 19 public health emergency is not over. In fact, the State of California has an emergency declaration in place until at least 28 February 2023. The State of Texas, where the Plaintiff lives and would be traveling from also has an emergency declaration until at least 18 December 2022. Finally, Defendants argue prior to the transfer of venue that:

> "**As to the facts, Plaintiff can litigate this case remotely.** The Northern District of California has for months operated under General Order No. 72-6, which states that all civil "[h]earings will be held via telephone or videoconference." U.S. District Court for the Northern District of California, General Order No. 72-6 (Sept. 16, 2020).1 It is therefore **exceedingly unlikely that Plaintiff would be required to appear in person during the present public health emergency** (let alone prior to the widespread availability of a COVID-19 vaccine). Facebook's counsel, for example, have not appeared in person in the District for more than a year. Further, pro se parties may now utilize electronic filing without prior permission, or they may mail filings. See General Order No. 72-6; see also U.S. District Court for the Northern District of California, General Order No. 73 (May 21, 2020).2 **Transferring this case to California would therefore not necessitate Plaintiff's travel to California during the public health emergency.**" (Emphasis added)

However, this was factually inaccurate. Now it appears that despite the public health emergency being active in California, Texas, and federally that the court is requiring attendance in person.

In addition to the COVID 19 emergency, there is a national emergency regarding the Outbreak of Monkeypox. The State of California has also declared an emergency on this issue.

This creates substantial problems for the Plaintiff for the following reasons:

- The Plaintiff has multiple health disabilities that prevent him from flying these include Asthma, Obstructive Sleep Apnea, Narcolepsy, Insomnia, Depression, Anxiety, Panic, Attention Deficit Hyperactivity Disorder, and Binge Eating Disorder, etc.
- Plaintiff has a low immune system and susceptible.
- The Plaintiff would be unable to travel due to the need to have readily available access to bilevel positive airway pressure which helps him to breath because without it he would stop breathing while sleeping.
- The Plaintiff would be unable to travel due to the need to have readily available access to a nebulizer in the event of an asthma attack. A rescue inhaler does not typically suffice. In situations where Plaintiff did not have his nebulizer, he ended up in the hospital.
- The Plaintiff would be unable to travel given that he is currently undergoing treatment using the Transcranial Magnetic Stimulation for depression, anxiety, panic, and sleep. This requires him to physically go into the treatment office every single day with the exceptions of the weekends. The Plaintiff in addition to going in for the treatment must be monitored for adverse reactions including but not limited to short term discomfort,

pain, brief episodes of hypomania, cognitive change, hearing loss, and impaired working memory.

- The Plaintiff would be unable to travel given the high altitudes of flying due to asthma.
- Given the Plaintiffs eating disorder, he is on a strict diet and travel would cause extreme issues with compliance of that.

All of these issues not only apply here but in general cause issues and complications for the Plaintiff so much so that he works from home and is accommodated under the ADA in both work and school.

Given the Defendant's previous statements in filings in the Texas District Court, it is the Plaintiffs belief that Defendants would not object to the remote nature of litigation. Further, Defendants requested the ability to appear via Zoom as well.

Plaintiff PRAYS that the court issue an order allowing him to appear remotely. As he cannot travel today, he will login to the zoom and hope that this is allowed.

Very Respectfully,

/s/ Michael Moates

6004 Oakland Bend Drive #116

Fort Worth, Texas 76112

(254) 966-2837

mike@behaviorscientists.org

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document via email via their consent.

Very Respectfully,

/s/ Michael Moates

6004 Oakland Bend Drive #116

Fort Worth, Texas 76112

(254) 966-2837

mike@behaviorscientists.org

5