# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Professor Michael Moates<br><br>Licensed Psychologist<br><br>Plaintiffs<br><br>v.<br><br>META PLATFORMS, INC.<br><br>DBA: Facebook<br><br>DBA: Instagram<br><br>DBA: Meta Quest (Oculus)<br><br>DBA: Facebook Messenger<br><br>DBA: CrowdTangle<br><br>DBA: Whatsapp<br><br>DBA: Facebook Holdings<br><br>DBA: Facebook Operations<br><br>DBA: Facebook Payments<br><br>DBA Facebook Technologies and;<br><br>Mark Elliot Zuckerberg<br><br>CEO / Controlling Shareholder<br><br>Defendants | Case No.: 22-cv-04478-JD<br><br>**PLAINTIFF MICHAEL MOATES' MOTION FOR LIMITED DISCOVERY AND STAY RESPONSE TIME TO MOTION TO DISMISS AND MOTION FOR JUDICIAL NOTICE PENDING ORDER ON PLAINTIFFS' MOTION**<br><br>**JURY TRIAL DEMANDED** |

The undersigned respectfully submits this Motion for Limited Discovery in response to the Defendant's Motion to Dismiss. The Plaintiff believes that additional discovery is necessary in order to effectively respond to the Motion to Dismiss and to ensure that their rights are protected in this matter.

In support of a Motion for Limited Discovery, the Plaintiff cites the provisions of Rule 26 of the Federal Rules of Civil Procedure, which governs the scope and limits of discovery in federal court. Rule 26 allows parties to discover any matter relevant to a claim or defense and provides that parties may obtain discovery of any non-privileged matter that is relevant and proportional to the needs of the case. The Plaintiff argues that the information is not readily available to them through other means, such as public records or through the normal course of business because the data is exclusively held by Defendants'.

There are various documents, advertisements, emails, content, data, etc that are needed to support the alleged statements of fact made in Defendants' motions.

- Show that Defendant did not "act in good faith" as required by Section 230.
- Defend against various Terms of Service arguments raised by Defendants'. Since they dispute in their
- Provide arguments regarding various Terms of Service versions and platforms.
- Show that Mark Zuckerberg is the alter ego of Meta.
- Show data are considered trade secrets.
- Show Plaintiff attempted to keep data secret.
- Show promises were made via advertisements and then subsequently not respected.
- Show content did not violate Meta rules as alleged.

- Show Meta billed Plaintiff illegally without consent.
- Show Meta created a physical place inside Oculus.
- Show Meta stole data that belonged to Plaintiff.
- Show Meta acted as a content provider rather than a computer service provider.
- The Plaintiff needs everything contained tetherin and will have more in the coming days.

The Defendant has moved to dismiss the Plaintiff's complaint on the grounds that the allegations are insufficient to state a claim for relief that is plausible on its face. The Plaintiff believes that additional discovery is necessary to gather the facts and evidence necessary to respond to the Motion to Dismiss and support the allegations in the complaint.

The Plaintiff respectfully requests that the Court grant this Motion for Limited Discovery, and allow the Plaintiff to engage in the discovery they have requested, in order to respond to the Motion to Dismiss. The Plaintiff requests that the Court set a deadline for the discovery to be completed and for the Plaintiff to file their response to the Motion to Dismiss.

The law and supporting legal cases:

Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978) - This case held that the scope of discovery under the Federal Rules of Civil Procedure is broad and that parties are entitled to discovery of any matter that is relevant to a claim or defense.

Williams v. Sprint/United Mgmt. Co., 230 F.3d 1221 (10th Cir. 2000) - This case held that a party may seek discovery in order to respond to a Motion to Dismiss

U.S. ex rel. Summer v. LHC Group, Inc., 833 F. Supp. 2d 1351 (M.D. Fla. 2011) - This case held that a party may seek limited discovery in order to respond to a Motion to Dismiss

King v. One William Street Fund Mgmt. LLC, 811 F.3d 92 (2d Cir. 2016) - This case held that a party may seek limited discovery in order to respond to a Motion to Dismiss

The Plaintiff believes that the information they seek is relevant to the Motion to Dismiss, and that it is not readily available to them through other means. The Plaintiff also believes that the request for limited discovery is proportional to the needs of the case and that it will not impose an undue burden on the Defendant.

The undersigned respectfully requests that the Court stay the deadline for the Plaintiff's response to the Defendant's Motion to Dismiss until after the Court has ruled on the Plaintiff's Motion for Limited Discovery.

The Defendant has filed a Motion to Dismiss the Plaintiff's complaint on the grounds that the allegations are insufficient to state a claim for relief that is plausible on its face. The Plaintiff has filed a Motion for Limited Discovery in order to gather additional information that is relevant to the Motion to Dismiss and to respond effectively to the Motion to Dismiss.

The Plaintiff believes that the information they seek is necessary to respond to the Motion to Dismiss, and that it is not readily available to them through other means. The Plaintiff also believes that the request for limited discovery is proportional to the needs of the case and that it will not impose an undue burden on the Defendant.

Given the importance of the information that the Plaintiff seeks in their Motion for Limited Discovery, the Plaintiff respectfully requests that the Court stay the deadline for the Plaintiff's response to the Motion to Dismiss until after the Court has ruled on the Plaintiff's Motion for Limited Discovery.

Thank you for your consideration of this Motion.

/s/ Michael Moates

4501 Nautilus Cir #710

Fort Worth, Texas 76106

254-966-2837

**The undersigned certifies that on June 16, 2022, a true and correct copy of the foregoing was served via CM/ECF with electronic service upon counsel for the Defendants.**

/s/ Michael Moates

4501 Nautilus Cir #710

Fort Worth, Texas 76106

254-966-2837