JACOB M. HEATH (SBN 238959)
jheath@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 March Road
Menlo Park, CA 94025
Telephone: (650) 614-7470
Facsimile: (650) 614-7401

MELISSA LEVIN (SBN 328146)
melissalevin@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MOATES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>META PLATFORMS, INC. et al.,<br><br>　　　　　Defendants. | Case No. 3:22-cv-04478-JD<br><br>**META'S REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Hearing Date: June 1, 2023<br>Time:　　　10:00 a.m.<br>Dept:　　　19<br>Judge:　　　Hon. James Donato |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** Defendant Meta Platforms, Inc. ("Meta") requests that this Court take judicial notice, pursuant to Federal Rule of Evidence 201, of Meta's Terms of Service. Defendants make this request in support of the Motion to Dismiss Plaintiff's Amended Complaint. A true and correct copy of the documents for which judicial notice is requested are attached to the Declaration of Melissa Levin, filed concurrently herewith.

## I.  INTRODUCTION

Meta respectfully requests that this Court take judicial notice of Meta's Terms of Service as of October 20, 2020 (dated October 1, 2020). Additionally, Meta requests this Court take judicial notice of Meta's Terms of Service as of July 13, 2014 (dated November 15, 2013). True and correct copies of these documents are attached to the Declaration of Melissa Levin ("Levin Decl.").

## II.  ARGUMENT

On a motion to dismiss, a court "must consider the complaint in its entirety, as well as…documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 14 U.S. 308, 322 (2007). Courts may take judicial notice of facts that are "not subject to reasonable dispute because [they]…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Such material includes documents incorporated into the complaint by reference. *Swartz v. KMPG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *In re Google Inc.*, 2013 WL 5423918, at *5 (N.D. Cal. Sept. 26, 2013). Under the doctrine of incorporation by reference, the Court may consider on a 12(b)(6) motion not only documents attached to the complaint, but also documents whose contents are alleged in the complaint, provided the complaint "necessarily relies" on the documents or contents thereof, the document's authenticity is uncontested, and the document's relevance is uncontested. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *In*

*re Google Inc.*, 2013 WL 5423918, at *5.

Courts routinely take judicial notice of publicly available terms of service, including from the Wayback Machine, in cases like this where the Plaintiff relies upon and references the terms in the complaint. *See, e.g., Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980 (N.D. Cal. 2020) (taking judicial notice of Meta's privacy policy); *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 813–14 (N.D. Cal. 2020) (taking judicial notice of Google's Terms of Service, Privacy Policy, and a Google blog post); *Matera v. Google, Inc.*, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (taking judicial notice of Google's Terms of Service, "various versions of Google's Privacy Policy[,]" and a Google webpage entitled "Updates: Privacy Policy").  Publicly accessible websites are also "[p]roper subjects of judicial notice when ruling on a motion to dismiss." *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 4 (N.D. Cal. 2014) (Koh, J.) (taking judicial notice of web pages).

Here, Plaintiff brings multiple claims premised on Meta's Terms of Service and his use of Meta's services, which are governed by those Terms. *See* Complaint ¶ 33.  Plaintiff further alleges that his account was disabled on October 20, 2020.  Complaint ¶ 15.  Indeed, Plaintiff makes various allegations related to his use of Facebook, up until he was removed in October 2020. *See, e.g.*, Complaint ¶ 28.  Despite this, Plaintiff does not reference specific language contained in the 2020 Meta's Terms of Service in his Complaint.  But both the 2013 and 2020 Terms of Service require a user to acknowledge that, by continuing to use Facebook's services, the user assents to modifications to those terms posted on the Facebook website. *See* Levin Decl., Ex. B ("By using or accessing Facebook, you agree to this Statement, as updated from time to time in accordance with Section 14 below.").  It is therefore appropriate for the Court take judicial notice of the Terms of Service effective on October 20, 2020, in order to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which

their claims are based[.]" *Swartz*, 476 F.3d at 763 (internal quotation marks omitted).

     Additionally, Meta's Terms of Service are the proper subject of judicial notice as publicly available websites.  The content of a publicly available web pages is "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. Rule 201(b) & (b)(2).  Therefore, these documents are subject to judicial notice, as it appears on a publicly accessible website and its authenticity cannot reasonably be questioned.  *See In re Yahoo Mail Litig.*, 2014 WL 3962824, at *1025 (N.D. Cal. Aug. 12, 2014) (Koh, J.) (taking judicial notice, sua sponte, of various publicly accessible websites); *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797 (taking judicial notice of Google's privacy policy).

Dated:  April 6, 2023
                                            ORRICK, HERRINGTON & SUTCLIFFE LLP

                                            By:  */s/ Jacob M. Heath*
                                                    JACOB M. HEATH

                                            Attorney for Defendant
                                            META PLATFORMS, INC.