JACOB M. HEATH (STATE BAR NO. 238959)
jheath@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: +1 650 614 7400
Facsimile: +1 650614 7401

MELISSA LEVIN (STATE BAR NO. 328146)
melissalevin@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

Attorneys for Defendant META PLATFORMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL MOATES,

Plaintiff,

v.

FACEBOOK, INC.

Defendant.

Case No. 3:22-cv-04478-RFL

**META PLATFORMS, INC. CASE MANAGEMENT STATEMENT**

Judge: Hon. Rita F. Lin

Pursuant the Court's November 26, 2023 Order, Defendant Meta Platforms, Inc. (f/k/a Facebook, Inc.) ("Meta") by and through its undersigned counsel, submit this Case Management Statement. Meta provides this statement separately from Plaintiff pursuant to the Court's Order, which states that separate statements are permissible where, as here, one party is not represented by counsel.

**1. <u>Date Filed</u>**

On November 19, 2020, Plaintiff filed his original Complaint against Meta in the United States District Court for the Eastern District of Texas, which was captioned *Moates v. Facebook, Inc.*, Case No. 4:20-cv-00896. Plaintiff has since filed multiple amended complaints. The operative complaint—Plaintiff's Second Amended Complaint ("SAC")—was filed on March 16, 2023. Dtk. No. 57. Meta moved to dismiss Plaintiff's SAC on April 6, 2023 ("Motion" or "Mot").

**2. <u>Parties</u>**

Meta Platforms, Inc. gives people the power to build community and bring the world closer together. Meta's services enable people to connect and share with friends and family through mobile devices, personal computers, virtual reality headsets, and wearables. Meta also helps people discover and learn about what is going on in the world around them, enables people to share their experiences, ideas, photos and videos, and other activities with audiences ranging from their closest family members and friends to the public at large, and stay connected everywhere by accessing its services, which include Facebook, Instagram, and Oculus. Facebook is a place for people to share life's moments and discuss what's happening, nurture and build relationships, discover and connect to interests, and create economic opportunity. They can do this through Feed, Reels, Stories, Groups, and more.

Plaintiff Michael Moates claims to be a user of Facebook, Instagram, Oculus, and CrowdTangle. Plaintiff claims that Meta wrongfully disabled his Facebook account, which has deprived him of the opportunity to use Facebook, Instagram, Facebook Messenger, CrowdTangle, WhatsApp, and Oculus. *See* SAC ¶ 38.

**3. Claims**

Plaintiff brought the below claims. As explained further below (*see* Section 4, *supra*), Meta moved to dismiss each of Plaintiff's claims because Plaintiff failed to allege facts sufficient to assert any claim, and each of Plaintiff's claims is barred by Section 230 of the Communications Decency Act ("Section 230").

1. Breach of contract. Plaintiff claims that Meta breached the Terms of Service under multiple theories, including that Meta (1) disabled his "accounts" without cause or justification, (2) restricted his access to "information required by a [August 2020] grand jury subpoena," and (3) "render[ed] [his] Oculus devices inoperable" by purportedly requiring a Facebook account for use. SAC ¶¶ 35-41. In his SAC, Plaintiff does not identify a provision in any contract that obligates Meta to continue providing Plaintiff with access to Facebook. Mot. at 3-5.
2. Violations of the California Legal Remedies Act (CLRA). Plaintiff claims that Meta violated the CLRA by making representations regarding Oculus, and then making his "purchased products inoperable" by purportedly requiring a Facebook account for use. Plaintiff alleges this conduct was contrary to supposed advertising, including that an Oculus user can "discover new adventures" and "master epic challenges or revisit classic moments." SAC ¶ 47. In his SAC, Plaintiff does not allege any facts establishing that Meta made a false representation that would support his CLRA claim. Mot. at 6.
3. Violations of California Unfair Competition Law (UCL). Plaintiff claims Meta violated the UCL by purportedly making his Oculus devices inoperable. Plaintiff does not allege facts to show that Meta made any false or misleading statements regarding Oculus. Mot. at 8.
4. Violations of California False Advertising Law (FAL). Plaintiff claims that Meta violated the FAL by making representations regarding Oculus. Plaintiff does not allege any facts establishing that Meta made a false or misleading representation regarding any purported requirements to use Oculus. Mot. at 9.
5. Violations of the California Song-Beverly Consumer Warranty Act. Plaintiff claims Meta

breached an "express warranty" providing that the "products were fit for their intended purpose and would perform as advised." SAC ¶ 67. In his SAC, Plaintiff does not allege any of the requisite elements of a Song-Beverly Act claim. Mot. at 10.

6. Promissory estoppel. Plaintiff claims that Meta "made a promise that [he] could use his Oculus devices without having to use a Facebook account," but subsequently "made them inoperable" by disabling his Facebook account. SAC ¶ 72. Plaintiff does not identify a clear and unambiguous promise made by Meta to provide Plaintiff with continuous access to Oculus. Mot. at 11.

7. Fraud. Plaintiff alleges that Meta committed fraud by requiring a Facebook account to use his Oculus devices. SAC ¶¶ 80-85. Plaintiff does not identify a false promise, nor does he allege facts establishing any of the other elements of fraud. Mot. at 12.

**4. Facts**

Plaintiff Michael Moates claims to be a user of Facebook and various other Meta-owned services, including Instagram, Oculus, and CrowdTangle. *See* SAC ¶¶ 15-30. As part of the user-registration process in place when Plaintiff opened his account in 2014, Plaintiff was required to agree to Facebook's Terms of Service. *See* Dkt. No. 64, Request for Judicial Notice ("RJN"), Levin Declaration in Support of RJN ("Levin Decl."), Ex. A ("2020 Facebook Terms of Service"). The Terms of Service applicable when Plaintiff created his account in 2014 required a user to acknowledge that, by continuing to use Facebook, the user accepts modifications to those terms posted on Facebook. *See* RJN, Levin Decl., Exs. A, B. Neither the Terms of Service applicable when Plaintiff created his account nor the Terms applicable when Plaintiff was removed from Facebook contain a provision requiring Meta to keep Plaintiff on Facebook or with access to any of Meta's products. RJN, Levin Decl., Exs. A, B.

Plaintiff claims that Meta wrongfully disabled his Facebook account, which has deprived him of the opportunity to use Facebook, Instagram, Facebook Messenger, CrowdTangle, WhatsApp, and Oculus. *See* SAC ¶ 38. Plaintiff also claims that Meta deprived him of access to information "required by a grand jury subpoena," which he received in August 2020. SAC ¶ 40;

Ex. 2. Finally, Plaintiff claims that Meta made his "Oculus devices inoperable" by purportedly requiring a Facebook account to use those devices, which he alleges contradicts various uncited advertising statements. SAC. ¶ 41.

On April 6, 2023, Meta moved to dismiss Plaintiff's SAC on multiple independent grounds. For example, Plaintiff's breach of contract claim fails because Plaintiff has not alleged a provision in the applicable Terms of Service (or any other purported agreement) that Meta violated by disabling his Facebook account. Plaintiff's fraud claim fails because Plaintiff has not adequately alleged facts establishing *any* of the requisite prima facie elements—namely, that Meta made a false representation, that Meta knew the representation was false at the time it was made, or that it was intended to defraud Plaintiff. And as for Plaintiff's CLRA, UCL and FAL claims, he also fails to allege facts establishing that Meta made a false representation. Moreover, each of Plaintiff's claims is barred by Section 230 of the Communications Decency Act ("Section 230"), which protects interactive service providers like Meta from claims based on removal of content or users from its services. For these reasons, Meta requested that the Court dismiss Plaintiff's entire Second Amended Complaint with prejudice.

**5. <u>Legal Issues</u>**

At the present time, Meta has identified the following legal issues:

- Whether Meta is liable for breach of contract.
- Whether Meta is liable for violations of the California Legal Remedies Act.
- Whether Meta is liable for violations of California Unfair Competition Law.
- Whether Meta is liable for violations of California False Advertising Law.
- Whether Meta is liable for violations of the California Song-Beverly Consumer Warranty Act.
- Whether Meta is liable for promissory estoppel.
- Whether Meta is liable for fraud.
- Whether Plaintiff has stated a viable claim for relief against Meta.
- Whether Plaintiff's claims against Meta are barred by Section 230 of the

Communications Decency Act.

**6. Relief**

Plaintiff seeks (1) a preliminary and permanent injunction requiring Meta to "release all data and information it holds concerning Plaintiff," (2) an injunction requiring Meta to reactivate all accounts and enable all devices previously disabled or removed, and (3) damages. Meta does not believe that Plaintiff is entitled to any relief.

**7. Discovery**

No discovery of any party has been taken to date. The Court previously stayed discovery on December 1, 2022, Dkt. Nos. 44, 54 and subsequently denied Plaintiff's requests for discovery, Dkt. No. 62-1. In light of Meta's pending Motion to Dismiss Plaintiff's SAC, Meta's position is that discovery should remain stayed pending the resolution of the Meta's Motion.

**8. Related Cases**

Meta is not aware of any pending related cases.

**9. Procedural History**

Plaintiff filed his first lawsuit in the Eastern District of Texas against Facebook on November 19, 2020. *See Michael Moates v. Facebook Inc.*, Case No. 4:20-cv-00896, Dkt. 1. He amended that complaint as a matter of course shortly thereafter, marking his second complaint. *See id.*, Dkt. 5. Meta then agreed to allow Plaintiff to file a third complaint, *id.* at Dkt. 15, which he did in late December 2020, *id.* at Dkt. 20.

After the assigned magistrate ruled against Plaintiff on a variety of issues—from his failed request for a temporary restraining order (which the magistrate denied), *id.* at Dkt. 26, to Meta's motion to transfer to this Court (which the magistrate recommended be granted based on the enforceable forum selection clause in the Facebook Terms of Service), *id.* at Dkt. 42—Plaintiff voluntarily dismissed the initial complaint, *id.* at Dkt. 50. He then pursued a purportedly new case in Texas state court, where he filed his fourth complaint against Meta. *See Moates v. Facebook, Inc., et al.*, Case No. 21-6407-431, Dkt. 1. That complaint was amended in the early weeks of the state-court litigation, marking Plaintiff's fifth complaint. *Id.*, Dkt. 8. Meta then

removed, bringing its dispute with Plaintiff back to the Eastern District of Texas, where it started. Plaintiff then sought leave to amend to file what would be a sixth complaint against Meta. Case No. 4:21-cv-00694-ALM-KPJ, Dkt. 18. Before deciding whether Plaintiff should be granted leave to amend, the court granted Meta's motion to transfer and transferred the action to this Court. *Id.*, Dkt. 20, 29.

In November 2022, Plaintiff filed a motion for leave to file yet another amended complaint. Dkt. No. 40. On December 1, 2022, in advance of receiving Meta's opposition to Plaintiff's motion, the Court granted Plaintiff's motion, allowing Plaintiff to amend. Dkt. No. 44.

On January 1, 2023, Plaintiff filed his amended complaint, Dkt. No. 48, and Meta moved to dismiss, Dkt. No. 49. Plaintiff failed to oppose Meta's motion. The Court then gave Plaintiff one "final opportunity to amend." Dkt. 54-1.

On March 16, 2022, Plaintiff filed his SAC, which is his seventh complaint. Dkt. No. 59. Meta then moved to dismiss. Dkt. No. 63. Prior to the hearing on Meta's motion, the Court vacated the June 22, 2023 hearing, having decided that Meta's motion was appropriate for determination on the papers. Dkt. No. 73-1. As of the reassignment, Judge Araceli Martinez-Olguin had not yet issued a decision on Meta's motion.

**10. Deadlines**

Meta re-noticed its Motion to Dismiss for hearing on February 27 at 10:00 a.m. There are no other pending deadlines.

**11. Any Modifications of Deadlines**

Meta does not request any modifications of the deadlines.

**12. Consent to Magistrate**

Meta does not consent to a magistrate judge for trial.

**13. Emergency**

There is no immediate need for a case management conference.

Dated: December 11, 2023

Respectfully submitted,

ORRICK, HERRINGTON & SUTTCLIFFE LLP

By: *<u>/s/ Jacob M. Heath</u>*
Jacob M. Heath

*Attorney for Defendants Meta Platforms, Inc.*

**PROOF OF SERVICE**

I am employed in the County of San Mateo, State of California. I am over the age of 18 years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, California 94025. On December 11, 2023, I served the following document(s) entitled:

**META PLATFORMS, INC. CASE MANAGEMENT STATEMENT**

on all interested parties to this action in the manner described as follows:

Michael Moates
6004 Oakland Bend., #116
Denton, TX 76112
mike@cpmht.com

☒ **(VIA EMAIL)** On December 11, 2023, via electronic mail in Adobe PDF format the document(s) listed above to the electronic address(es) set forth below.

☒ **(VIA U.S. MAIL)** On April 7, 2023 by placing a true copy of the document(s) listed above in an envelope, with postage thereon fully prepaid, addressed as set forth below and then sealing the envelope and depositing it in the U.S. mail at Menlo Park, CA.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on December 11, 2023, at Fremont, California.

*/s/ Sema Virrueta*
Sema Virrueta