UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL MOATES,

        Plaintiff,

   v.

FACEBOOK INC.,

        Defendant.

Case No. 22-cv-04478-RFL

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 63

    Pro se Plaintiff Michael Moates asserts various state law claims against Defendant Meta, stemming from Meta's disabling of his Facebook account. Plaintiff alleges that Meta disabled his Facebook account in October 2020, which in turn restricted his access to data on his account and rendered his Oculus devices inoperable. Meta moves to dismiss Plaintiff's Second Amended Complaint ("SAC") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion to dismiss is **GRANTED WITHOUT LEAVE TO AMEND**. This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

    ***Breach of contract.*** Plaintiff's breach of contract claim appears to be predicated on three theories: Meta's breach of its Terms of Service by disabling his Facebook account (SAC ¶ 36), as well as by "[r]estrict[ing] his access to information required by a grand jury subpoena" and other data on his deactivated account (SAC ¶ 23), and Meta's "rendering [Plaintiff's] Oculus devices inoperable" by requiring a Facebook account to use the devices (SAC ¶ 41).

    To state a claim for breach of contract under California law, Plaintiff must sufficiently allege "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis*

1

*W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011).  At minimum, "[i]n an action for breach of a written contract, a plaintiff must allege the specific provisions in the contract creating the obligation the defendant is said to have breached." *Ebeid v. Facebook, Inc.*, No. 18-CV-07030-PJH, 2019 WL 2059662, at *7 (N.D. Cal. May 9, 2019) (quoting *Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1117 (N.D. Cal. 2011)); *see also Frances T. v. Vill. Green Owners Ass'n*, 723 P.2d 573, 586 (Cal. 1986) (en banc) ("Plaintiff's allegation that defendants breached that contract . . . must fail because she does not allege that any provision in any of the writings imposed such an obligation on defendant."); *Miron v. Herbalife Int'l, Inc.*, 11 F. App'x 927, 929 (9th Cir. 2001) ("The district court's dismissal of the [plaintiffs'] breach of contract claims was proper because the [plaintiffs] failed to allege any provision of the contract which supports their claim.").

To the extent the breach of contract claim is based on Meta's Terms of Service, it fails because Plaintiff does not plead any specific contractual obligation in the Terms of Service that Meta allegedly breached by disabling his account or failing "to provide [Plaintiff] with access to his information" (SAC ¶ 40).[1]  *See Ebeid*, 2019 WL 2059662, at *7.  Indeed, on its face, the Terms of Service contains no such obligations.  (*See* Dkt. No. 64-3); *see also King v. Facebook, Inc.*, No. 19-CV-01987-WHO, 2019 WL 6493968, at *2 (N.D. Cal. Dec. 3, 2019), *aff'd*, 845 F. App'x 691 (9th Cir. 2021) ("Considering the facts alleged . . . that Facebook removed or blocked access to [plaintiff's] content or accounts because Facebook disagreed with [plaintiff's] comments that were critical of Facebook's own conduct[,] there is nothing in the Terms of Use or other contract identified by [plaintiff] that could plausibly support a breach claim.");

---

[1] Meta seeks judicial notice of the Terms of Service in effect when Plaintiff created his account in 2014.  (Dkt. No. 64 at 2.)  Because the Terms of Service form the basis of Plaintiff's claims and is directly referenced within the SAC (*see, e.g.*, SAC ¶¶ 8, 23), it is incorporated by reference.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  In addition, Meta requests judicial notice of the Terms of Service that were effective in October 2020, when Plaintiff's account was allegedly disabled.  (Dkt. No. 64 at 2; *see* SAC ¶ 30.)  Even if judicially noticeable, those Terms of Service are ultimately immaterial here.  For purposes of this motion, the Court accepts Plaintiff's argument that his claims should be analyzed under the 2014 Terms of Service as alleged in the SAC.

*Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1064 (N.D. Cal. 2016), *aff'd*, 700 F. App'x 588 (9th Cir. 2017) (holding that plaintiff cannot base a breach of contract claim on Facebook's Terms of Service because while they "'place restrictions on users' behavior,' they 'do not create affirmative obligations'" (quoting *Young v. Facebook, Inc.*, No. 5:10-cv-03579-JF/PVT, 2010 WL 4269304, at *3 (N.D. Cal. Oct. 25, 2010))).

Likewise, the breach of contract claim based on the Oculus device fails for the same reason. Plaintiff has not sufficiently pled any specific provision in a contract that Meta allegedly breached by requiring a Facebook account to use Oculus devices. Insofar as Plaintiff relies on Meta's advertising statement "that the devices were all-in-one systems that would allow users to 'discover new adventures' and 'travel universes in blockbuster fantasies,'" he fails to plausibly allege how such advertising constituted "promises" that gave rise to an enforceable contract between Plaintiff and Meta. (SAC ¶ 41; *see also* SAC ¶ 47.) Even if those statements created a contract, Plaintiff does not allege that this advertising contained any promise by Meta that it would not require a Facebook account to operate Oculus devices. Nor does Plaintiff identify in the Oculus device's Terms of Service any specific contractual obligation under which Meta agreed not to impose such a requirement. While Plaintiff asserts that Meta "violated the terms of their contract" (SAC ¶ 41), this vague and conclusory allegation cannot satisfy the pleading standard under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiff's opposition brief contends that Meta breached the implied warranty of merchantability that is incorporated by operation of law into the sale contract for Oculus devices. But no allegation or claim concerning the implied warranty of merchantability is made in the operative complaint. Nor is there any allegation as to why Oculus devices would be unmerchantable because they require an active Facebook account.

The motion to dismiss the claim for breach of contract is therefore granted.

*Fraud-based claims.* Plaintiff also asserts claims under the CLRA, UCL, FAL, and DTPA, as well as a claim for fraud. In essence, these claims stem from the same factual allegation that an advertisement for Oculus devices was false or misleading because, contrary to the advertising, Meta required a Facebook account to use the devices. Because these claims sound in fraud, they are subject to the heightened pleading requirement under Federal Rule of Civil Procedure Rule 9(b). *See Pickles v. Kate Spade & Co.*, No. 15-CV-05329-VC, 2016 WL 3999531, at *1 (N.D. Cal. July 26, 2016) (subjecting UCL, FAL, CLRA, and DTPA claims to Rule 9(b) because "plaintiffs' theory of the violations sound in fraud"); *see also Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1016 & n.7, 1019 (9th Cir. 2020) (evaluating UCL, FAL, and CLRA claims collectively under Rule 9(b) where each was "premised on the same allegedly misleading acts").

Rule 9(b) requires that "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "To properly plead fraud with particularity under Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (internal quotation marks and citation omitted).

Here, the challenged advertisement makes no mention of the requirements to use an Oculus device. Indeed, none of the advertisement's alleged statements even plausibly pertain to whether users would be required to have a Facebook account to use an Oculus device; rather, they are merely descriptions about the device and user experience. (*See, e.g.*, SAC ¶ 59 ("Discover new adventures, master epic challenges or revisit classic moments in your favorite all-in-one games, shows and experiences."); *id.* ("A super-fast processor and high-resolution display help to keep your experience smooth and seamless, even as high speed action unfolds around you."); *id.* ("Travel universes in blockbuster fantasies, scare yourself witless in horror adventures or collaborate with colleagues in innovative workspaces."); *id.* ("Sit front row with friends and family at movies and live events, find your new workout crew or join quests with

4

fellow adventurers.").)  Plaintiff thus fails to adequately allege that the advertising contained any false or misleading statements that Oculus devices would be operable without a Facebook account.  *See Davidson*, 889 F.3d at 964.  And Plaintiff's conclusory assertions to the contrary are insufficient to survive a motion to dismiss.  *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." (citation omitted)).

      Lastly, as to the UCL claim, Plaintiff does not allege whether the claim is brought under the fraudulent, unlawful, or unfair prongs of the UCL.  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) ("Each prong of the UCL is a separate and distinct theory of liability.").  Regardless, Plaintiff has not sufficiently pled a violation of the UCL under any of the three prongs.  First, Plaintiff fails to state a claim under the fraudulent prong for the reasons stated above.  Second, because Plaintiff has failed to allege a predicate violation of any law, the UCL claim also fails under the unlawful prong.  *See Berryman v. Merit Prop. Mgmt., Inc.*, 62 Cal. Rptr. 3d 177, 185 (Ct. App. 2007) ("[A] violation of another law is a predicate for stating a cause of action under the UCL's unlawful prong."); *see also Riley v. Caliber Home Loans, Inc.*, 2022 WL 2072655, at *2 (9th Cir. June 9, 2022) (recognizing that "a UCL claim stands or falls 'depending on the fate of the antecedent substantive causes of action'" (quoting *Krantz v. BT Visual Images, LLC*, 107 Cal. Rptr. 2d 209, 219 (Ct. App. 2001))).  Third, where, as here, the "conduct that comprises the UCL fraudulent or unlawful prongs is the same conduct as the unfair prong, 'the unfair prong of the UCL cannot survive if the claims under the other two prongs of the UCL do not survive.'"  *In re Plum Baby Food Litig.*, No. 4:21-CV-00913-YGR, 2024 WL 1354447, at *7 (N.D. Cal. Mar. 28, 2024) (quoting *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1104–05 (N.D. Cal. 2017)).  In any event, the claim also fails on the merits, as Plaintiff does not plausibly allege any unfair conduct by Meta sufficient to plead a claim under the unfair prong.  *See Warren v. PNC Bank Nat'l Ass'n*, No. 22-CV-07875-WHO, 2023 WL 3182952, at *10 (N.D. Cal. Apr. 30, 2023) ("The unfair prong requires proving either: (1) the public policy which is a predicate to a consumer unfair competition action is tethered to specific constitutional,

statutory or regulatory provisions, or (2) that the challenged business practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." (cleaned up)).

Accordingly, the motion to dismiss the CLRA, UCL, FAL, DTPA, and fraud claims is granted.

**Breach of express warranty under Song-Beverly Act.** Plaintiff fails to allege any facts regarding the terms of an applicable express warranty within the meaning of the Song-Beverly Act. *See* Cal. Civ. Code § 1791.2(a)(1) (defining "express warranty" as "[a] written statement arising out of a sale to the consumer of a consumer good pursuant to which the manufacturer, distributor, or retailer undertakes to preserve or maintain the utility or performance of the consumer good or provide compensation if there is a failure in utility or performance"); *see also Darling v. Green*, No. EDCV12362PSGCWX, 2013 WL 12132058, at *4 (C.D. Cal. Apr. 18, 2013) (dismissing breach of express warranty claim under Song-Beverly Act where "Plaintiffs generally aver[red] that the sale of the motor home was 'accompanied by an express warranty'" but did not allege "the terms of an express warranty"). In any case, Plaintiff also fails to plausibly allege that his complaint about the purported inoperability of his Oculus devices without a Facebook account was "a defect or nonconformity covered by the express warranty." *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 50 Cal. Rptr. 3d 731, 741 (Ct. App. 2006). Nor does Plaintiff adequately allege that "the product was presented to an authorized representative of the manufacturer for repair," and that "the manufacturer or its representative did not repair the defect or nonconformity after a reasonable number of repair attempts." *Id.*

Therefore, the motion to dismiss the claim for breach of express warranty under the Song-Beverly Act is granted.

**Promissory estoppel.** To state a claim for promissory estoppel under California law, a plaintiff must adequately allege the following elements: "(1) a promise clear and unambiguous in its terms, (2) reliance by the party to whom the promise is made, (3) the reliance must be reasonable and foreseeable, and (4) the party asserting the estoppel must be injured by his or her reliance." *Murphy v. Twitter, Inc.*, 274 Cal. Rptr. 3d 360, 380 (Ct. App. 2021). Plaintiff's

conclusory allegation that Meta "made a promise that [he] could use his Oculus devices without having to use a Facebook account" (SAC ¶ 72), and reliance on a statement not made by Meta (SAC ¶ 29), are insufficient to state a plausible claim for promissory estoppel. *See Beckington v. Am. Airlines, Inc.*, 926 F.3d 595, 604 (9th Cir. 2019) ("To survive a motion to dismiss, the complaint must contain sufficient 'well-pleaded, nonconclusory factual allegation[s],' accepted as true, to state 'a plausible claim for relief.'" (quoting *Iqbal*, 556 U.S. at 679–80)); *Murphy*, 274 Cal. Rptr. 3d at 380–81 (plaintiff "cannot plead reasonable reliance on the alleged promises as a matter of law" where plaintiff failed to allege that "[defendant] ever made a specific representation directly to her or others"); *Rastegar v. Wells Fargo Bank, N.A.*, 745 F. App'x 761, 762 (9th Cir. 2018) (affirming dismissal of promissory estoppel claim "because plaintiffs failed to allege any clear and unambiguous promise made by [defendant]" (citing *Aceves v. U.S. Bank, N.A.*, 120 Cal. Rptr. 3d 507, 513–17 (Ct. App. 2011))).

The motion to dismiss the claim for promissory estoppel is therefore granted.

***Section 230.*** Meta alternatively contends that Plaintiff's claims should be dismissed on the independent ground that Section 230 of the Communications Decency Act, 47 U.S.C. § 230, bars them. However, because the SAC fails to state any claims for relief, the Court need not reach whether Meta is entitled to Section 230 immunity. As such, the Court also need not address whether application of Section 230 would be unconstitutional. *See Dep't of Com. v. U.S. House of Representatives*, 525 U.S. 316, 343 (1999) ("If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality . . . unless such adjudication is unavoidable." (quoting *Spector Motor Serv. v. McLaughlin*, 323 U.S. 101, 105 (1944))); *see also United States v. Kaluna*, 192 F.3d 1188, 1197 (9th Cir. 1999) (en banc) ("Prior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision." (quoting *Jean v. Nelson*, 472 U.S. 846, 854 (1985))).

***Leave to amend.*** Plaintiff has already twice amended his complaint (Dkt. Nos. 48, 57), and was on sufficient notice that no further amendments would be entertained. Previously,

Plaintiff failed to file an opposition to Meta's motion to dismiss the First Amended Complaint. Despite that failure, this Court provided Plaintiff another opportunity to file an amended complaint, but explicitly warned that he was being "given a final opportunity to amend." (Dkt. No. 54.)  Despite having the benefit of Meta's motion to dismiss his First Amended Complaint, Plaintiff has not cured his failure to state a claim in the Second Amended Complaint.  Moreover, Plaintiff does not describe any additional facts in his opposition brief showing that further amendment would cure the deficiencies in the SAC.  *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A plaintiff may not in substance say 'trust me,' and thereby gain a license for further amendment when prior opportunity to amend had been given.").  He does not, for example, explain that there are other promises made in the contracts or advertisements that are the basis for his claims.  Accordingly, because Plaintiff has repeatedly failed to cure deficiencies by amendments previously allowed, and because Plaintiff identifies no reason to believe that he would be able to state a valid claim if permitted to further amend, the Court concludes that any further amendment would be futile.  *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).  The SAC is therefore dismissed without leave to amend.[2]

\*   \*   \*

For the reasons stated above, Meta's motion to dismiss is **GRANTED WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED.**

Dated: April 3, 2024

_____
RITA F. LIN
United States District Judge

---

[2] It is also notable that Plaintiff's opposition brief fails to contest the motion to dismiss as to his CLRA, FAL, Song-Beverly Act, promissory estoppel, and fraud claims.  *See V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 547 (9th Cir. 2019) (explaining that "claims can be abandoned if their dismissal is unopposed").